IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES L. TINGLER,**

      **Plaintiff,**

                                                    **Case No. 2:24-cv-468**
                                                    **Judge James L. Graham**
      **v.**                                               **Magistrate Judge Elizabeth P. Deavers**

**OHIO GENERAL ASSEMBLY,** *et al.***,**

      **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Charles L. Tingler's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

## II.

In his Complaint and Request for Injunction, Plaintiff names as Defendants the Ohio General Assembly and the Supreme Court of Ohio.[1] (ECF No. 1-1 at 2.) Plaintiff makes generalized allegations regarding the separation of powers and accuses the Ohio Supreme Court of "legislating from the bench" by allowing commons pleas courts to appoint special prosecutors in criminal cases. Plaintiff seeks the following relief:

> Firstly, an amendment to the Ohio Constitution is warranted to divest the judicial branch of its encroaching authority in matters of appointment, thereby reinstating the primacy of the executive branch. Concurrently, the Ohio General Assembly must assert its legislative prerogative to nullify the precedential case law that has facilitated this unconstitutional usurpation, firmly establishing the supremacy of statutory law over judicial decisions.

(*Id.* at 5.)

Initially, as recently discussed by another Magistrate Judge of this the Court, "Plaintiff has been found to be a vexatious litigator by the Ohio Supreme Court for filing 84 similar original actions during a four-month period, *State ex rel. Tingler v. Franklin Cty. Prosecutor's Office*, 204 N.E.3d 552, 553 (Ohio 2023), and by the Erie County Court of Common Pleas for filing 36 actions in 2022 alone, *Ottawa Cty. Prosecuting v. Tingler*, 2023 WL 5165612, at *3 (Ohio Ct. App. 2023)." *Tingler v. Caligiuri*, No. 2:24-CV-416, 2024 WL 488050, at *1 (S.D. Ohio Feb. 8, 2024). Further, "between 2021 and 2023, Plaintiff filed at least seven cases against various state officials, judges, and prosecutors in the U.S. District Court for the Northern District of Ohio, where the court ultimately enjoined him from proceeding *in forma pauperis. See Tingler v. Maike*, No. 3:23-CV-788, 2023 WL 4564383, at *3 (N.D. Ohio July 17, 2023)

---

[1] The Undersigned does not construe Plaintiff's citation to the jobs or titles of "State Representative and State Senator" or "Justice and Chief Justice" on page 2 of his form filing as his attempt to state a claim against any individuals in these roles in any capacity.

4

(documenting Plaintiff's Northern District cases)." *Id*. Finally, "Plaintiff has filed three other cases against various state officials and judges in this district during the last year, including one case filed within a week of this case." (*See* Case Nos. 2:23-CV-00911-EAS-EPD, 2:23-CV-01525-EAS-EPD, and 2:24-cv-00416-ALM-KAJ). *Id.*

As for this case, Plaintiff's claims are similarly lacking in merit. First, a plaintiff seeking relief must show that he has standing to assert a claim. The test for Article III standing is well established. To be entitled to seek relief in federal court, "a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be "fairly traceable" to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury." *Harken v. Sperling*, No. 1:23-CV-396, 2023 WL 3629699, at *2 (W.D. Mich. May 1, 2023), *report and recommendation adopted*, No. 1:23-CV-396, 2023 WL 3625225 (W.D. Mich. May 24, 2023) (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)). An injury in fact requires "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The alleged harm "'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1).

Here, Plaintiff has not alleged that he suffered an individualized injury. At best, Plaintiff appears to be asserting a "generalized grievance" perhaps "on behalf of the public at large." *Harken*, 2023 WL 3629699, at *2. Such a "generalized grievance" against either the Ohio Supreme Court or the Ohio General Assembly, however, does not establish that Plaintiff suffered an "injury in fact." *Damstoft v. United States Cong.,* No. 4:23-CV-00906, 2023 WL 4960085, at

5

*1 (N.D. Ohio Aug. 3, 2023) (finding plaintiff's "general displeasure with the legislative branches of the federal government" did not amount to an injury in fact required for standing).

Moreover, Plaintiff's claim against the Ohio General Assembly is a claim against the State of Ohio. *Hurst v. Ohio Gen. Assembly*, No. 2:14-CV-2594, 2015 WL 401250, at *3 (S.D. Ohio Jan. 28, 2015), *report and recommendation adopted sub nom. Hurst v. Ohio*, No. 2:14-CV-2594, 2015 WL 1291152 (S.D. Ohio Mar. 20, 2015) (citing *Ganaway v. Ohio,* 2012 WL 5378730, at *2 (N.D. Ohio Oct.31, 2012)). However, the State of Ohio may only be sued in federal court if it has consented to such a suit or Congress has abrogated its immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000)). Absent such circumstances, the Eleventh Amendment is an absolute bar to all suits, whether for injunctive, declaratory or monetary relief against States and State agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). In this case, the State of Ohio has not consented to suit, and Congress has not abrogated the State of Ohio's immunity. Consequently, any claim against the Ohio General Assembly is barred by the Eleventh Amendment.

Additionally, the Ohio Supreme Court has concluded that Ohio courts are not *sui juris*. That is, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right.'" *Burton v. Kirby,* No. 1:17-CV-767, 2017 WL 5495698, at *4 (S.D. Ohio Nov. 15, 2017), *report and recommendation adopted,* No. 1:17CV767, 2018 WL 346170 (S.D. Ohio Jan. 9, 2018) (quoting *Malone v. Court of Common Pleas of Cuyahoga Cty.,* 344 N.E.2d 126, 128 (Ohio 1976)). Accordingly, Plaintiff's claims against the Ohio Supreme Court also fail because it is not a legal entity capable of being sued. *Id.*

Finally, a suit against the named Defendants is not the proper vehicle for pursuing an amendment to the Ohio Constitution as Plaintiff apparently seeks. *Comm. to Impose Term Limits on Ohio Supreme Ct. & to Preclude Special Legal Status for Members & Emps. of Ohio Gen. Assembly v. Ohio Ballot Bd.*, 885 F.3d 443, 445 (6th Cir. 2018) ("The people of the State of Ohio … reserved to themselves the power 'to propose amendments to the constitution ….'"); *see also* Ohio Const. art. II, § 1 (reserving to the people of the State of Ohio the power to "propose amendments to the constitution and to adopt or reject the same at the polls."); Ohio Rev. Code § 3519.01(A) (describing the process for amendment, including that persons seeking amendment "must gather one thousand signatures and submit those to the Attorney General along with both the full text and a summary of the proposed constitutional amendment."). Accordingly, all of the above aside, the Court has no authority to order Plaintiff's request for such relief under the circumstances here.

### III.

For the reasons explained above, Plaintiff Charles L. Tingler's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) Further, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date:  February 21, 2024**              /s/ *Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **UNITED STATES MAGISTRATE JUDGE**