**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Charles L. Tingler,**

**Plaintiff,**

**v.**

**Ohio General Assembly, *et al.*,**

**Defendants.**

**Case No. 2:24-cv-468**

**Judge Michael H. Watson**

**Magistrate Judge Deavers**

## OPINION AND ORDER

Charles L. Tingler ("Plaintiff") sues the Ohio General Assembly and the Supreme Court of Ohio (collectively "Defendants"), alleging violations of the United States Constitution. Compl., ECF No. 2. The Magistrate Judge screened Plaintiff's pro se Complaint under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R") recommending the Court dismiss the same. R&R, ECF No. 3. Plaintiff timely objected. Obj., ECF No. 4. For the following reasons, Plaintiff's objections are **OVERRULED**; the R&R is **ADOPTED**.

## I. BACKGROUND

Plaintiff's claims arise out of Ohio's rules and practices for appointing state court judges in certain circumstances. *See generally* Compl., ECF No. 2. In Plaintiff's view, these practices violate the separation of powers doctrine. *Id.* Plaintiff asks the Court to issue an injunction to "rectify" these allegedly unlawful practices, seemingly through an amendment to the Ohio Constitution. *Id.*

The R&R recommends dismissing the Complaint for several reasons. R&R 4–7, ECF No. 3. First, the R&R determines that Plaintiff lacks standing. *Id.* at 5–6. Next, the R&R explains that Plaintiff's claim against the Ohio General Assembly is barred by the Eleventh Amendment. *Id.* at 6. Third, the R&R recommends dismissing the claims against the Supreme Court of Ohio because it is not *sui juris*. *Id.* Finally, the R&R concludes that the federal courts lack the power to force an amendment to the Ohio Constitution. *Id.* at 7.

Plaintiff has timely objected to the R&R. Obj., ECF No. 4.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews de novo those portions of the R&R that Plaintiff specifically objected to. Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

Plaintiff objects to the R&R's conclusions about standing, the Eleventh Amendment, and the federal court's power to order an amendment to the Ohio Constitution. Obj., ECF No. 4. Upon de novo review, the Court agrees with the R&R that Plaintiff lacks standing, as explained further below. Because a lack of standing is fatal to Plaintiff's claims, the Court does not address Plaintiff's other objections.

Under Article III of the United States Constitution, federal jurisdiction is limited to "cases" and "controversies," and standing is "an essential and unchanging part of" this requirement. *Lujan v. Defs. of Wildlife*, 504 U.S. 555,

560 (1992) (citation omitted). If the plaintiff lacks standing, then the federal court lacks jurisdiction. *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019). Thus, standing is a "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Article III standing has three elements. "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). Second, the injury must be "fairly traceable to the challenged action of the defendant." *Id.* (cleaned up). Third, it must be likely that the injury will be "redressed by a favorable decision." *Id.* at 561 (internal quotation marks and citations omitted).

Here, Plaintiff lacks standing because he has not alleged an injury-in-fact. Although Plaintiff has many complaints about Ohio's practices for appointed judges, he does not allege that he was injured by these practices. *See generally*, Compl., ECF No. 2. Rather, Plaintiff alleges only a "generalized grievance," which is insufficient to support Article III standing. *See Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) ("[A] 'generalized grievance,' no matter how sincere, is insufficient to confer standing.").

In sum, Plaintiff has not alleged an injury-in-fact and, thus, has not alleged that he has Article III standing. Because Plaintiff lacks standing, his claims must be dismissed.

As a final note, the R&R explains that Plaintiff has filed multiple frivolous lawsuits in several courts, including 84 actions in the Supreme Court of Ohio. R&R 4–5, ECF No. 3 (citing *State ex rel. Tingler v. Franklin Cty. Prosecutor's Off.*, 204 N.E.3d 552 (Table), 553 (Ohio 2023)). Plaintiff is **CAUTIONED** that if he continues to file frivolous lawsuits, this Court may declare him a vexatious litigator.

## IV. CONCLUSION

For these reasons, Plaintiff's objections are **OVERRULED**, and the R&R is **ADOPTED**. The Clerk shall close the case.

For all the reasons explained in the R&R and this Opinion and Order, the Court **CERTIFIES** that an appeal of this Opinion and Order would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(a).

**IT IS SO ORDERED.**

Michael H. Watson

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**